Electronically Filed - St Louis County - September 26, 2017 - 10:19 AM

IN THE CIRCUIT COURT OF
SAINT LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| PATRICIA CLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division No. |
| HOVG, LLC d/b/a BAY AREA ) | |
| CREDIT SERVICE, ) | |
| ) | |
| Serve: ) | |
| CSC Services of Nevada, Inc. ) | |
| 2215-B Renaissance Dr. ) | |
| Las Vegas, NV 89119 ) | |
| ) | |
| Defendant. ) | |

### INTRA-STATE CLASS ACTION PETITION

COMES NOW Patricia Clay, by and through her undersigned counsel, and brings this intra-state class action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the "FDCPA") against HOVG, LLC doing business as Bay Area Credit Service and in support thereof states to the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person currently residing in St. Louis, Missouri.

2. Defendant HOVG, LLC is a foreign limited liability company, organized and existing under the laws of Nevada. It does business under the name Bay Area Credit Service.

3. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution (MO. CONST. Art. V. § 14).

4. This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k and § 478.070 R.S. Mo.

**GROUP EXHIBIT A**

5.  This Court may exercise personal jurisdiction over HOVG for the reason that it regularly transacts its debt collection business in Missouri, and the conduct complained of herein occurred in Missouri or was otherwise directed towards Plaintiff and the Class as defined herein in Missouri, satisfying Missouri's long-arm statute, § 505.500 R.S.Mo.

6.  Venue is proper in St. Louis County pursuant to § 508.010.2(4) R.S.Mo.

7.  Plaintiff and HOVG never agreed to arbitrate any disputes between themselves.

## FACTS

8.  HOVG's principal business is the collection of consumer debts on behalf of others, and it regularly utilizes the mails and other instrumentalities of interstate commerce in pursuit of that debt collection business.

9.  In the course of its debt collection business, HOVG sent Plaintiff a collection letter dated February 6, 2017 demanding payment for an alleged past due account with American Medical Response arising out of ambulance services Plaintiff received.

10. HOVG's February 6, 2017 collection letter represented to Plaintiff she owed a "Total Due" of $688.93 on her account.

11. Of that amount, HOVG stated that the Total Due was comprised of the "Principal Assigned" amount of $645.78 and "Interest" of $43.15.

12. After receiving the February 6, 2017 letter, Plaintiff obtained a copy of her credit report and realized that HOVG was also actively reporting her American Medical Response debt as a negative entry.

13. Within her credit report, HOVG represented that Plaintiff only owed a total amount due of $646 as opposed to the $688.93 that HOVG listed within its February 6, 2017 collection letter.

14. HOVG updated Plaintiff's credit report *after* sending its February 6, 2017 collection letter to Plaintiff as a negative credit entry and continued to list the amount due as $646.

15. Plaintiff had not made any payment on the account between the date of HOVG's collection letter and the date that Plaintiff obtained a copy of her credit report.

16. As a result of HOVG's discrepant representations of her balance, Plaintiff did not know whether $688.93 or $646 was her "full balance".

17. Plaintiff did not know the correct amount she needed to pay in order to close out her account and have it reported "Paid in Full" on her credit report.

18. HOVG's inconsistent and contradictory representations confused and misled Plaintiff as to the true total amount that her creditor claimed was due.

19. The amount HOVG provided was thus necessarily false on Plaintiff's credit report, the February 6, 2016 collection letter, or both.

20. On March 7, 2017, Plaintiff called HOVG to determine the exact amount she owed and to also understand why HOVG was assessing interest on her medical debt.

21. During the call, HOVG provided Plaintiff yet an entirely new balance due.

22. According to HOVG, Plaintiff now owed an increased amount of $693.71 as a result of interest that was accruing on her account.

23. Plaintiff's original creditor did not assess any interest on her account prior to sending it to collections.

24. Plaintiff did not agree to any contractual rate of interest with her original creditor.

25. Upon information and belief, HOVG was attempting to use Missouri's pre-judgment interest statute, Mo. Rev. Stat. § 408.020, to increase the balance owed on the account.

26. Under the statute, a creditor may only assess interest at a rate of nine-percent (9%) after a demand for payment has been made on the debt.

27. Prior to HOVG's collection letter, Plaintiff did not receive a demand for payment in the principal amount of $645.78 from her original creditor—written or otherwise

28. When Plaintiff asked when her debt began accruing interest, HOVG stated that the account did not begin accruing interest until it was assigned to its office on August 3, 2016.

29. This was false.

30. Between the date of the assignment on August 3, 2016 and the date of the March 16, 2017 phone call, 225 days elapsed.

31. Taking the principal debt amount of $645.78, multiplying it by 9% interest per annum, and multiplying that product by 225/365 days yields accrued interest of $35.82 for a 225-day period.

32. In actuality, as of the March 16, 2017 phone call, HOVG had assessed and was attempting to collect $47.93 in interest on the account.

33. This calculation confirms that HOVG was unlawfully back-dating interest, in violation of Mo. Rev. Stat. § 408.020, in order to artificially inflate the amount of interest.

34. Defendant's conduct as recited herein caused Plaintiff a concrete injury by misleading her and causing her confusion as to amount and legal status of her debt and by creating a risk of harm that she would pay an amount that she did not owe and/or an amount that HOVG was not attempting to collect.

35. HOVG's misrepresentations and other unlawful conduct as outlined herein caused Plaintiff to suffer statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k.

36. HOVG's collection attempts have also caused Plaintiff to incur actual damages including but not limited to anxiety, frustration, and worry. Plaintiff will not seek these actual damages except in the event no class is certified.

## CLASS ALLEGATIONS

37. It is HOVG's routine practice to violate the FDCPA by sending collection letters that include an unlawful amount of interest based on the date of the provision of medical services rather than the date of demand.

38. This action is properly maintainable as a class action pursuant to Rule 52.08 of the Missouri Supreme Court Rules. The class consists of the following persons:

   a. All persons HOVG has on record as owing a consumer debt (1) where HOVG sent a collection letter to such person to collect a consumer debt on behalf of American Medical Response; (2) where such person possessed a postal address with a zip code of 63139 (3) during the one-year period prior to the filing of Plaintiff's Petition (4) which sought interest; and (5) the interest was calculated based on any date other than the date of demand for payment.

39. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, HOVG is a high-volume debt collector that attempts to collect hundreds of debts in Missouri.

40. Upon information and belief, HOVG has engaged in the improper collection tactic described above with at least one hundred Missouri consumers residing within zip code of 63139.

41. Plaintiff is a member of the class she seeks to represent.

42. There are no unique defenses HOVG can assert against Plaintiff individually, as distinguished from the class.

43. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of HOVG. Plaintiff has no interest or relationship with HOVG that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval, and she will vigorously pursue the class claims throughout the course of this action.

44. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by HOVG.

45. Most, if not all, of the facts needed to determine liability and damages are obtainable from HOVG's records.

46. The purposes of the FDCPA will be best effectuated by a class action.

47. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

48. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

49. Many, if not all, class members are unaware that claims exist against HOVG. There will be no unusual difficulty in the management of this action as a class action.

50. Four common questions of law and fact predominate over all individual questions of the class. The common questions are whether: (1) HOVG is a "debt collector" pursuant to the

FDCPA; (2) the liabilities that HOVG sought to collect from class members constitute "consumer debt" under the FDCPA; (3) HOVG sent collection letters to the class that sought interest; and (4) HOVG calculated the interest based on a date other than the date of demand for payment.

51. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

52. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

53. All class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual class members is calculable and ascertainable.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff re-alleges each and every preceding paragraph, and incorporates them by this reference as if fully set forth herein.

55. Plaintiff is a "consumer" as that term is defined by the FDCPA (15 U.S.C. § 1692a(3)).

56. HOVG, LLC doing business as Bay Area Credit Service is a "debt collector" as that term is defined by the FDCPA (15 U.S.C. § 1692a(6)).

57. The alleged debt arises out of consumer, family, and/or household transactions.

58. HOVG has attempted to collect the alleged debt from Plaintiff and the Class within the previous twelve months.

59. In its attempts to collect the alleged debt from Plaintiff and the class members as defined herein, HOVG has violated the FDCPA, including, but not limited to:

    a. Failing to state the accurate amount of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692g(a)(1);

    b. Falsely representing the amount and character of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692e(2)(A); and

    c. Utilizing unfair collection practices, including the collection of an amount that is not permitted by law, in violation of 15 U.S.C. § 1692f(1).

60. In its attempts to collect the alleged debt from Plaintiff individually, HOVG has violated the FDCPA, including, but not limited to: misrepresenting the amount, character, and legal status of Plaintiff's debt and reporting information HOVG knew to be false by attempting to collect discrepant balances on the same debt, in 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(2)(A).

61. Plaintiff will not seek recovery for these additional, individualized violations except in the event no class is certified.

WHEREFORE, Plaintiff respectfully requests that the Court certify the proposed class, that the Court appoint Plaintiff as class representative and the undersigned as class counsel, and that judgment be entered against HOVG for:

    A. Judgment that HOVG's conduct violated the FDCPA;

    B. Actual damages only in the event that no class is certified;

    C. Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

    D. For such other relief as the Court may deem just and proper.

Electronically Filed - St Louis County - September 26, 2017 - 10:19 AM

Respectfully submitted,

**BRODY & CORNWELL**

/s/ *Bryan E. Brody*
_____
Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
7730 Carondelet Avenue, Suite 135
Saint Louis, MO  63105
314.932.1068 / fax: 314.228.0338
bbrody@brodyandcornwell.com
acornwell@brodyandcornwell.com
*Attorneys for Plaintiff*

**17SL-CC03644**

In the
# CIRCUIT COURT
Of St. Louis County, Missouri



PATRICIA CLAY
**Plaintiff**

vs.

HOVG, LLC D/B/A BAY AREA CREDIT SERVICE
**Defendant**

Date

Case Number

Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now PLAINTIFF PATRICIA CLAY, pursuant to Local Rule 28, and at Plaintiffs own risk requests the appointment of the Circuit Clerk of:

Jack Riley, at Junes Legal Service, Inc at
630 South 10th Street #B, Las Vegas, NV   89101   702-259-6249

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:    HOVG, LLC D/B/A BAY AREA CREDIT SERVICE
          C/O R/AGT:  CSC SERVICES OF NEVADA, INC.
                      2215-B RENAISSANCE DR.
                      LAS VEGAS, NV 89119

/s/ Bryan E. Brody         #57580
/s/ Alexander J. Cornwell  #64793
Attorney for Plaintiff
1 North Taylor Ave.
St. Louis, MO  63108
314-932-1068

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

By _____
Deputy Clerk

_____
Date

Electronically Filed - St Louis County - September 26, 2017 - 10:19 AM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>KRISTINE A KERR | Case Number: 17SL-CC03644 |
|---|---|
| Plaintiff/Petitioner:<br>PATRICIA CLAY<br><br>                                                        vs. | Plaintiff's/Petitioner's Attorney/Address:<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO  63108 |
| Defendant/Respondent:<br>HOVG, LLC<br>DBA:   BAY AREA CREDIT SERVICE | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | *(Date File Stamp)* |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   HOVG, LLC
                            Alias:
                            DBA:   BAY AREA CREDIT SERVICE
CSC SERVICES OF NEVADA INC
2215-B RENAISSANCE DR.
LAS VEGAS, NV 89119

**COURT SEAL OF**

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

**ST. LOUIS COUNTY**

02-OCT-2017
Date
_____ Clerk
Further Information:
LNG

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                     ☐ the judge of the court of which affiant is an officer.
*(Seal)*             ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                        (use for out-of-state officer)
                     ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**
Summons      $ _____
Non Est      $ _____
Mileage      $ _____ ( _____ miles @ $ _____ per mile)
Total        $ _____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 17-SMOS-942      1      (17SL-CC03644)       Rules 54.06, 54.07, 54.14, 54.20;
                                                                                                 506.500, 506.510 RSMo

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 17-SMOS-942**     3     (17SL-CC03644)     Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: Document ID# 17-SMOS-942     4     (17SL-CC03644)     Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo