IN THE CIRCUIT COURT OF
SAINT LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| PATRICIA CLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division No. |
| HOVG, LLC d/b/a BAY AREA ) | |
| CREDIT SERVICE, ) | |
| ) | |
| Serve: ) | |
| CSC Services of Nevada, Inc. ) | |
| 2215-B Renaissance Dr. ) | |
| Las Vegas, NV 89119 ) | |
| ) | |
| Defendant. ) | |

### INTRA-STATE CLASS ACTION PETITION

COMES NOW Patricia Clay, by and through her undersigned counsel, and brings this intra-state class action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the "FDCPA") against HOVG, LLC doing business as Bay Area Credit Service and in support thereof states to the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person currently residing in St. Louis, Missouri.

2. Defendant HOVG, LLC is a foreign limited liability company, organized and existing under the laws of Nevada. It does business under the name Bay Area Credit Service.

3. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution (MO. CONST. Art. V. § 14).

4. This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k and § 478.070 R.S. Mo.

GROUP EXHIBIT A

Electronically Filed - St Louis County - September 26, 2017 - 10:19 AM

5. This Court may exercise personal jurisdiction over HOVG for the reason that it regularly transacts its debt collection business in Missouri, and the conduct complained of herein occurred in Missouri or was otherwise directed towards Plaintiff and the Class as defined herein in Missouri, satisfying Missouri's long-arm statute, § 505.500 R.S.Mo.

6. Venue is proper in St. Louis County pursuant to § 508.010.2(4) R.S.Mo.

7. Plaintiff and HOVG never agreed to arbitrate any disputes between themselves.

## FACTS

8. HOVG's principal business is the collection of consumer debts on behalf of others, and it regularly utilizes the mails and other instrumentalities of interstate commerce in pursuit of that debt collection business.

9. In the course of its debt collection business, HOVG sent Plaintiff a collection letter dated February 6, 2017 demanding payment for an alleged past due account with American Medical Response arising out of ambulance services Plaintiff received.

10. HOVG's February 6, 2017 collection letter represented to Plaintiff she owed a "Total Due" of $688.93 on her account.

11. Of that amount, HOVG stated that the Total Due was comprised of the "Principal Assigned" amount of $645.78 and "Interest" of $43.15.

12. After receiving the February 6, 2017 letter, Plaintiff obtained a copy of her credit report and realized that HOVG was also actively reporting her American Medical Response debt as a negative entry.

13. Within her credit report, HOVG represented that Plaintiff only owed a total amount due of $646 as opposed to the $688.93 that HOVG listed within its February 6, 2017 collection letter.

14. HOVG updated Plaintiff's credit report *after* sending its February 6, 2017 collection letter to Plaintiff as a negative credit entry and continued to list the amount due as $646.

15. Plaintiff had not made any payment on the account between the date of HOVG's collection letter and the date that Plaintiff obtained a copy of her credit report.

16. As a result of HOVG's discrepant representations of her balance, Plaintiff did not know whether $688.93 or $646 was her "full balance".

17. Plaintiff did not know the correct amount she needed to pay in order to close out her account and have it reported "Paid in Full" on her credit report.

18. HOVG's inconsistent and contradictory representations confused and misled Plaintiff as to the true total amount that her creditor claimed was due.

19. The amount HOVG provided was thus necessarily false on Plaintiff's credit report, the February 6, 2016 collection letter, or both.

20. On March 7, 2017, Plaintiff called HOVG to determine the exact amount she owed and to also understand why HOVG was assessing interest on her medical debt.

21. During the call, HOVG provided Plaintiff yet an entirely new balance due.

22. According to HOVG, Plaintiff now owed an increased amount of $693.71 as a result of interest that was accruing on her account.

23. Plaintiff's original creditor did not assess any interest on her account prior to sending it to collections.

24. Plaintiff did not agree to any contractual rate of interest with her original creditor.

25. Upon information and belief, HOVG was attempting to use Missouri's pre-judgment interest statute, Mo. Rev. Stat. § 408.020, to increase the balance owed on the account.

26. Under the statute, a creditor may only assess interest at a rate of nine-percent (9%) after a demand for payment has been made on the debt.

27. Prior to HOVG's collection letter, Plaintiff did not receive a demand for payment in the principal amount of $645.78 from her original creditor—written or otherwise

28. When Plaintiff asked when her debt began accruing interest, HOVG stated that the account did not begin accruing interest until it was assigned to its office on August 3, 2016.

29. This was false.

30. Between the date of the assignment on August 3, 2016 and the date of the March 16, 2017 phone call, 225 days elapsed.

31. Taking the principal debt amount of $645.78, multiplying it by 9% interest per annum, and multiplying that product by 225/365 days yields accrued interest of $35.82 for a 225-day period.

32. In actuality, as of the March 16, 2017 phone call, HOVG had assessed and was attempting to collect $47.93 in interest on the account.

33. This calculation confirms that HOVG was unlawfully back-dating interest, in violation of Mo. Rev. Stat. § 408.020, in order to artificially inflate the amount of interest.

34. Defendant's conduct as recited herein caused Plaintiff a concrete injury by misleading her and causing her confusion as to amount and legal status of her debt and by creating a risk of harm that she would pay an amount that she did not owe and/or an amount that HOVG was not attempting to collect.

35. HOVG's misrepresentations and other unlawful conduct as outlined herein caused Plaintiff to suffer statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k.

36. HOVG's collection attempts have also caused Plaintiff to incur actual damages including but not limited to anxiety, frustration, and worry. Plaintiff will not seek these actual damages except in the event no class is certified.

## CLASS ALLEGATIONS

37. It is HOVG's routine practice to violate the FDCPA by sending collection letters that include an unlawful amount of interest based on the date of the provision of medical services rather than the date of demand.

38. This action is properly maintainable as a class action pursuant to Rule 52.08 of the Missouri Supreme Court Rules. The class consists of the following persons:

   a. All persons HOVG has on record as owing a consumer debt (1) where HOVG sent a collection letter to such person to collect a consumer debt on behalf of American Medical Response; (2) where such person possessed a postal address with a zip code of 63139 (3) during the one-year period prior to the filing of Plaintiff's Petition (4) which sought interest; and (5) the interest was calculated based on any date other than the date of demand for payment.

39. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, HOVG is a high-volume debt collector that attempts to collect hundreds of debts in Missouri.

40. Upon information and belief, HOVG has engaged in the improper collection tactic described above with at least one hundred Missouri consumers residing within zip code of 63139.

41. Plaintiff is a member of the class she seeks to represent.

42. There are no unique defenses HOVG can assert against Plaintiff individually, as distinguished from the class.

43. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of HOVG. Plaintiff has no interest or relationship with HOVG that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval, and she will vigorously pursue the class claims throughout the course of this action.

44. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by HOVG.

45. Most, if not all, of the facts needed to determine liability and damages are obtainable from HOVG's records.

46. The purposes of the FDCPA will be best effectuated by a class action.

47. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

48. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

49. Many, if not all, class members are unaware that claims exist against HOVG. There will be no unusual difficulty in the management of this action as a class action.

50. Four common questions of law and fact predominate over all individual questions of the class. The common questions are whether: (1) HOVG is a "debt collector" pursuant to the

FDCPA; (2) the liabilities that HOVG sought to collect from class members constitute "consumer debt" under the FDCPA; (3) HOVG sent collection letters to the class that sought interest; and (4) HOVG calculated the interest based on a date other than the date of demand for payment.

51. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

52. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

53. All class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual class members is calculable and ascertainable.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff re-alleges each and every preceding paragraph, and incorporates them by this reference as if fully set forth herein.

55. Plaintiff is a "consumer" as that term is defined by the FDCPA (15 U.S.C. § 1692a(3)).

56. HOVG, LLC doing business as Bay Area Credit Service is a "debt collector" as that term is defined by the FDCPA (15 U.S.C. § 1692a(6)).

57. The alleged debt arises out of consumer, family, and/or household transactions.

58. HOVG has attempted to collect the alleged debt from Plaintiff and the Class within the previous twelve months.

Electronically Filed - St Louis County - September 26, 2017 - 10:19 AM

59. In its attempts to collect the alleged debt from Plaintiff and the class members as defined herein, HOVG has violated the FDCPA, including, but not limited to:

 a. Failing to state the accurate amount of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692g(a)(1);

 b. Falsely representing the amount and character of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692e(2)(A); and

 c. Utilizing unfair collection practices, including the collection of an amount that is not permitted by law, in violation of 15 U.S.C. § 1692f(1).

60. In its attempts to collect the alleged debt from Plaintiff individually, HOVG has violated the FDCPA, including, but not limited to: misrepresenting the amount, character, and legal status of Plaintiff's debt and reporting information HOVG knew to be false by attempting to collect discrepant balances on the same debt, in 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(2)(A).

61. Plaintiff will not seek recovery for these additional, individualized violations except in the event no class is certified.

WHEREFORE, Plaintiff respectfully requests that the Court certify the proposed class, that the Court appoint Plaintiff as class representative and the undersigned as class counsel, and that judgment be entered against HOVG for:

 A. Judgment that HOVG's conduct violated the FDCPA;

 B. Actual damages only in the event that no class is certified;

 C. Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

 D. For such other relief as the Court may deem just and proper.

Respectfully submitted,

**BRODY & CORNWELL**

/s/ *Bryan E. Brody*
Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
7730 Carondelet Avenue, Suite 135
Saint Louis, MO 63105
314.932.1068 / fax: 314.228.0338
bbrody@brodyandcornwell.com
acornwell@brodyandcornwell.com
*Attorneys for Plaintiff*

Electronically Filed - St Louis County - September 26, 2017 - 10:19 AM